**The STATE of Ohio, Appellee,**

**v.**

**CHAGARIS, Appellant.**

[Cite as *State v. Chagaris* (1995), 107 Ohio App.3d 551.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17047.

Decided Nov. 29, 1995.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Philip D. Bogdanoff*, Assistant Prosecuting Attorney, for appellee.

*Corina Gaffney*, for appellant.

REECE, Judge.

Appellant, Jerome Chagaris, appeals from his conviction of drug abuse with a specification for a prior offense of violence. We affirm.

On July 3, 1994, two Akron Police Officers, Meyers and Black, conducted a traffic stop of a vehicle in which Chagaris was a passenger. The two officers approached the vehicle and Black questioned the driver while Meyers questioned Chagaris. Meyers asked Chagaris for identification and Chagaris provided the information. The officers ran a records check on the driver and Chagaris, and discovered that Chagaris had an outstanding felony warrant out of Cuyahoga County. While searching Chagaris incident to arrest on the outstanding warrant, the officers discovered a rock of cocaine in his left shoe. Chagaris was charged with drug abuse with a prior offense of violence specification.

Chagaris moved to suppress the evidence, alleging that it had been seized in violation of the Fourth Amendment. The trial court referred the matter to a magistrate "pursuant to Crim.R. 19." Following an evidentiary hearing, the magistrate issued an order which overruled Chagaris's motion to suppress.

Consequently, Chagaris entered a plea of no contest, and was convicted accordingly.

Chagaris appeals, and raises four assignments of error, all of which relate to the merits of his suppression motion. At oral argument, however, an issue was raised as to whether a magistrate has authority pursuant to Crim.R. 19 to rule on a motion to suppress evidence. Although we now address this issue because we believe that the trial court exceeded its Crim.R. 19 authority, the trial court's referral did not constitute reversible error because Chagaris failed to object to the referral or to file objections to the magistrate's order pursuant to Crim.R. 19.

Crim.R. 19(B)(1) provides:

"[A] court may refer to a magistrate and, upon such a reference, a magistrate may preside over the following proceedings and issue the appropriate orders:

"(a) Initial appearances and preliminary hearings conducted pursuant to Crim.R. 5.

"(b) Arraignments conducted pursuant to Crim.R. 10.

"(c) Proceedings at which a plea may be entered in accordance with Crim.R. 11. A magistrate may accept and enter not guilty pleas in felony cases, and guilty, not guilty, and no contest pleas in misdemeanor cases. In no instance shall a magistrate make a determination of guilt or innocence, or recommend or impose a sentence."

"(d) Pretrial conferences conducted pursuant to Crim.R. 17.1.

"(e) Proceedings to establish bail pursuant to Crim.R. 46.

"(f) Motions filed pursuant to Crim.R. 47 over which the magistrate has authority under these rules."

The state contends that the trial court and magistrate acted within their Crim.R. 19 authority because, pursuant to Crim.R. 19(B)(1)(f), the magistrate has authority to determine all motions filed pursuant to Crim.R. 47. We disagree. As the state itself emphasizes, when construing the language of Crim.R. 19, we must presume that each word in the rule was placed there for a reason. The language of Crim.R. 19(B)(1)(f) does not give a magistrate broad authority to determine all Crim.R. 47 motions. Rather, it expressly limits the magistrate's authority to determining only those motions "over which the magistrate has authority under these rules."

We must therefore determine whether a motion to suppress evidence is a motion "over which the magistrate has authority" under the Criminal Rules. The Criminal Rules explicitly limit the magistrate's authority to specific proceedings which are not intertwined with the merits or disposition of the case. Crim.R. 19

allows the trial court to refer certain preliminary proceedings to a magistrate: initial appearances, preliminary hearings, arraignments, plea proceedings, pretrial conferences, and proceedings to establish bail. Crim.R. 19 clearly limits the magistrate's authority to these enumerated proceedings. At the same time that Crim.R. 19 was enacted, corresponding amendments were made to Crim.R. 5(A), initial appearance and preliminary hearing, Crim.R. 10, arraignment, and Crim.R. 46, bail. Each rule was amended to change "judge" to "judge or magistrate," evidencing an explicit grant of authority to the magistrate. No other Criminal Rules were similarly amended.

The language concerning plea proceedings in what is now Crim.R. 19(B)(1)(c) was not included in the original version of Crim.R. 19 proposed by the Ohio Supreme Court on January 12, 1990. The Ohio Supreme Court published the original version in the February 12, 1990 issue of the Ohio State Bar Association Report, and invited written comments. The Supreme Court received comments from judges, referees, a law school professor, the president of the Ohio Association of Court Referees, and the president of the Ohio State Bar Association ("OSBA").

Overall, the comments expressed three basic concerns: (1) given that the magistrate had authority to preside at an arraignment, does the magistrate have authority to accept pleas or to impose or recommend sentence; (2) a mayor's court should not have authority to appoint a magistrate pursuant to Crim.R. 19; and (3) the magistrate's authority should be expanded.

The Ohio Supreme Court amended the proposed rule to address whether the magistrate has authority to accept pleas and impose sentence. Although the magistrate may preside at a plea proceeding, which could dispose of the case, the magistrate's role is confined to a ministerial one. The magistrate has no authority to accept a guilty or no contest plea in a felony case, and "[i]n no instance" can a magistrate make a determination of guilt or innocence or recommend or impose sentence in either a felony or misdemeanor case. By prohibiting the magistrate from presiding over these aspects of the plea proceeding, Crim.R. 19 restricts the magistrate to a largely administrative role.

The Ohio Supreme Court addressed the second concern by amending the definition of "magistrate" in Crim.R. 2 to explicitly exclude "a mayor's court magistrate appointed pursuant to section 1905.05 of the Revised Code."

The Ohio Supreme Court made no amendments to the proposed rule, however, in response to the concern that the magistrate's authority was too limited. The comments, overall, expressed an understanding that the Crim.R. 19 magistrate had been given limited authority. As the president of the OSBA explained, it was the understanding of the OSBA that the proposed rule was to be a means of assisting trial courts by handling "ministerial or routine matters." Several of the

comments suggested that the Ohio Supreme Court expand the magistrate's authority. One comment suggested that the magistrate be given authority to preside over the disposition of a motion to suppress evidence. It was obviously the understanding of the writer of this comment that the rule as written did not confer such authority.

These comments put the Ohio Supreme Court on notice that the legal community interpreted Crim.R. 19 as granting only narrowly defined powers. By taking no action on the requests to broaden the magistrate's authority, we can only conclude the Ohio Supreme Court deliberately chose to keep the magistrate's authority limited. The explicit limitations placed on the magistrate's authority evidence an intent that the magistrate would reduce the burden of the trial judge by handling some preliminary, administrative matters, but would have no involvement with dispositive aspects of the case.

Although not stated, the rationale behind this limited grant of authority is obvious. Crim.R. 19 gives the magistrate the power to issue a binding order of the court. The magistrate's order is not subject to automatic review and approval by the trial court. Crim.R. 19(C) provides only for postorder review by the trial judge if a party files timely objections.

The significance of the Crim.R. 19 magistrate's authority to issue orders is illustrated by a comparison to the powers of the federal magistrate. The Federal Magistrate's Act, Section 636(b)(1), Title 28, U.S.Code, defines a magistrate's authority at two distinct levels. The federal magistrate is given broad authority to hear most pretrial procedural and discovery motions, but his authority to issue binding orders is limited primarily to nondispositive motions. Explicitly exempted from these motions are the following:

" * * * motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, *to suppress evidence in a criminal case,* to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." (Emphasis added.) *Id.*

The federal magistrate's authority to hold hearings on these enumerated motions, including a motion to suppress evidence, was expressly limited by Congress. The magistrate is required to submit proposed findings of fact and recommendations to the district judge. The district judge is required to review the magistrate's recommendation and make a binding determination on the motion. The federal magistrate has no authority to issue an order on a dispositive issue such as a motion to suppress evidence in a criminal case. Authority to make such determinations remains at all times with the district judge.

The Federal Magistrate's Act, by keeping the ultimate decisionmaking power in the hands of the district judge, clearly recognizes the significance of a motion to suppress evidence. The motion to suppress evidence, if granted, has the potential to destroy the state's case, necessitating dismissal of the indictment. The dispositive significance of a motion to suppress evidence is recognized by Ohio's Criminal and Juvenile Rules as well. The state is given the right to appeal the granting of a motion to suppress if the granting of the motion has destroyed the state's case.

Crim.R. 19 places explicit limitations on the magistrate's authority, and it does not authorize a magistrate to determine dispositive matters. Because a motion to suppress evidence is a dispositive motion, it is not one of the Crim.R. 47 motions over which a Crim.R. 19 magistrate is authorized to preside.

Turning to the merits of Chagaris's appeal, he has raised four assignments of error, all of which contend that the trial court erred in denying his motion to suppress. Chagaris asserts several arguments in support of suppression, many of which were not raised in the trial court. We will confine our review to the issues properly preserved for appeal. See *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus.

Chagaris moved to suppress the rock of cocaine, contending that it had been seized in violation of the Fourth Amendment. Specifically, he argued that he was illegally detained while Officer Meyers "demanded that [he] produce a driver's license or identification." Chagaris argued that the demand itself was unreasonable and that it necessitated a detention beyond that which was required to effectuate the purposes of the stop.

■ Chagaris argues that, because he was not the operator of the car and had nothing to do with the cracked windshield, the police had no right to question him. Although Chagaris characterizes Officer Meyers's request for identification as a "demand," the record indicates otherwise. Officer Meyers testified at the suppression hearing that he merely asked Chagaris for some identification. Officer Meyers explained that he had been trained to ask for identification "so we know who it is we're talking to." As a passenger, unlike the driver of the vehicle, Chagaris was not legally obligated to carry identification or to produce it for Officer Meyers. See R.C. 4507.35. He voluntarily chose to provide the information upon request. See *Berkemer v. McCarty* (1984), 468 U.S. 420, 439, 104 S.Ct. 3138, 3149–3150, 82 L.Ed.2d 317, 334. We fail to understand how this request for identification, in and of itself, was unconstitutional.

This routine questioning of Chagaris constituted but a minimal intrusion. Recognizing that "detention, not questioning, is the evil" at issue, we have held that, so long as the traffic stop is valid, "any questioning which occurs during the

detention, even if unrelated to the scope of the detention, is valid so long as the questioning does not improperly extend the duration of the detention." *State v. Wright* (June 28, 1995), Medina App. No. 2371–M, unreported, at 7–8, 1995 WL 404964.

Despite Chagaris's suggestion to the contrary, Meyers's request for identification did not extend the duration of the traffic stop. Officer Meyers spoke to Chagaris at the same time Officer Black spoke to the driver. This is not a case in which one officer questioned the driver, completed his investigation, and then questioned the passenger. See, *e.g., Akron v. Sharpe* (1986), 26 Ohio Misc.2d 1, 26 OBR 212, 498 N.E.2d 518.

Chagaris has failed to convince us that the trial court erred in denying his motion to suppress. The assignments of error are overruled.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.