The STATE of Ohio, Appellant,

v.

SMITH, Appellee.

[Cite as *State v. Smith* (1996), 112 Ohio App.3d 413.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–96–003.

Decided July 12, 1996.

*Kevin J. Baxter,* Erie County Prosecuting Attorney, and *Roger E. Binette,* Assistant Prosecuting Attorney, for appellant.

*Mark Krochka,* for appellee.

GLASSER, Judge.

This is an appeal from a judgment of the Erie County Court of Common Pleas granting the motion to suppress of appellee, Semaj Smith. Appellant, the state

of Ohio, brings this appeal pursuant to Crim.R. 12(J), which permits the state to appeal a decision that "has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." For the reasons discussed below, we reverse the decision of the trial court. Further, this case is ordered removed from the accelerated calendar and placed on the regular calendar pursuant to Loc.App.R. 12(B).

The facts of this case are as follows. On November 17, 1994, Sandusky Police Officer Chris Hofacker and Officer John Hoffman were patrolling the Sandusky area when they observed an illegally parked car. Upon running a license plate check on the illegally parked car, Officer Hofacker determined that the vehicle belonged to Kenneth Pearson. Officer Hofacker observed Smith standing near the illegally parked car; however, no further contact was made between the two men.

Later that same day, Officer Hofacker observed Smith driving the same vehicle which he had earlier ticketed for parking illegally. He proceeded to stop the vehicle in a nearby parking area. Upon parking, Smith left the vehicle and approached, or was approached, by the police officers.

As to the ensuing events, testimony given at the hearing on the motion to suppress is in conflict. Officer Hofacker testified as follows. He recognized Smith when he initially ticketed the illegally parked car and later when he observed Smith driving the same vehicle. Officer Hofacker knew that Smith was driving under suspension and this was his reason for stopping him. Officer Hofacker, prior to issuing the citation for driving under suspension, asked Smith whether he had anything on him that could be used as a weapon. Smith said he did not; however, he rapidly reached his hands into both pockets and pulled out a brown paper bag. Officer Hofacker inquired of Smith as to what was in the bag, to which Smith mumbled something regarding a knife. Officer Hofacker immediately reached to grab the bag from Smith but as he did so, Smith took off running. Officer Hoffman pursued Smith while Officer Hofacker opened the bag to determine what was inside. The bag contained what appeared to be crack cocaine.

In contrast, Desiree Harvey and Sean Quinn, who were present during the encounter between Smith and the police testified as follows. Harvey stated that Officer Hofacker thought that Smith was Pearson, the registered owner of the car. It was not until the officer asked Smith his name, after stopping him, that Officer Hofacker learned Smith's identity. Both Harvey and Quinn stated that Officer Hofacker told Smith to remove the brown paper bag from his pocket and then grabbed the bag from Smith, at which time Smith began running. Harvey

and Quinn denied that there was ever any mention of a knife or any other weapon. In fact, they heard Smith tell police that the bag contained candy.

Because the contents of the bag contained what appeared to be crack cocaine, the police officers arrested Smith. Subsequently, Smith was indicted on two counts of aggravated drug trafficking in violation of R.C. 2925.03(A)(2) and (6) and one count of tampering with evidence in violation of R.C. 2921.12(A)(1).

On February 14, 1995, Smith filed a motion to suppress the evidence of the crack cocaine. The motion to suppress was referred to Magistrate George E. Howells. On March 22, 1995, Magistrate Howells held a hearing on the motion to suppress. However, following the hearing, the magistrate never issued findings of fact and conclusions of law or a decision in any other form. On December 28, 1995, the trial judge, the Honorable Joseph E. Cirigliano, issued a one-sentence decision granting Smith's motion to suppress the evidence of the crack cocaine.

It is from that judgment that the state of Ohio appeals, raising the following two assignments of error:

"Assignment of Error I: The trial court improperly relied on *State v. Robinette* (1995), 73 Ohio St.3d 650, in granting appellee's motion to suppress.

"Assignment of Error II: The trial court erred in granting appellee's motion to suppress."

■ Prior to discussing these assignments of error, this court notes that the motion to suppress was referred to a magistrate. Crim.R. 19(B) governs the powers and duties of magistrates. Specifically, Crim.R. 19(B)(1) provides that a magistrate may preside over the following proceedings:

"(a) Initial appearances and preliminary hearings conducted pursuant to Crim.R. 5.

"(b) Arraignments conducted pursuant to Crim.R. 10.

"(c) Proceedings at which a plea may be entered in accordance with Crim.R. 11. A magistrate may accept and enter not guilty pleas in felony cases, and guilty, not guilty, and no contest pleas in misdemeanor cases. In no instance shall a magistrate make a determination of guilt or innocence, or recommend or impose a sentence.

"(d) Pretrial conferences conducted pursuant to Crim.R. 17.1.

"(e) Proceedings to establish bail pursuant to Crim.R. 46.

"(f) Motions filed pursuant to Crim.R. 47 over which the magistrate has authority under these rules."

Although Crim.R. 47 is a general rule governing motion practice, Crim.R. 19(B)(1)(f) provides that a magistrate may preside and issue orders as to

"motions filed pursuant to Crim.R. 47 *over which the magistrate has authority under these rules.*" (Emphasis added.) We find that Crim.R. 19(B)(1)(f) does not give a magistrate the authority to preside and determine *all* motions filed pursuant to Crim.R. 47. It is only those motions filed pursuant to Crim.R. 47 "over which the magistrate has authority under these rules" that may be so determined. Crim.R. 19(B)(1) specifically lists those matters that a magistrate may preside over: initial appearances, preliminary hearings, arraignments, the acceptance of pleas under specific circumstances, pretrial conferences and bail proceedings. Crim.R. 19(B)(1) does not give a magistrate authority to preside over a motion to suppress evidence.

In *State v. Chagaris* (1995), 107 Ohio App.3d 551, 669 N.E.2d 92, the court addressed the issue of whether Crim.R. 19(B)(1) gives a magistrate the authority to preside over a motion to suppress. The *Chagaris* court found that Crim.R. 19(B)(1) does not so authorize a magistrate:

"Crim.R. 19 places explicit limitations on the magistrate's authority, and it does not authorize a magistrate to determine dispositive matters. *Because a motion to suppress evidence is a dispositive motion, it is not one of the Crim.R. 47 motions over which a Crim.R. 19 magistrate is authorized to preside.*" (Emphasis added.)

However, because the defendant in *Chagaris* failed to object to the referral or file objections to the magistrate's order, the *Chagaris* court held that the error was harmless.

■ We agree with the reasoning of the *Chagaris* court and find that a magistrate is without authority to preside over and issue orders as to a motion to suppress evidence. However, given the unusual procedure followed in the present case, we cannot find the error harmless. Unlike the situation in *Chagaris,* the magistrate in the present case did not issue any findings of fact, conclusions of law or any other type of decision. In fact, it was the trial judge, who was not present at the hearing on the motion to suppress, who granted the motion. Because the credibility of the witnesses who testified at the motion to suppress was determinative of the motion, we cannot find that the error in referring the matter to a magistrate was harmless.

Because we find that the referral of the motion to suppress evidence to the magistrate was prejudicial error, we find that the state's assignments of error are rendered moot. See App.R. 12(A)(1)(c).

Upon due consideration, the judgment of the Erie County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings

consistent with this opinion. It is ordered that appellee pay the costs of this appeal as provided for under App.R. 24.

*Judgment reversed*
*and cause remanded.*

SHERCK, J., concurs.

ABOOD, J., concurs in judgment only.