OPINION
The State of Ohio appeals, pursuant to Crim.R. 12(J) and R.C. 2945.67(A), from an order of the trial court suppressing evidence obtained as a result of a search incident to an arrest of the defendant-appellee Jak Morgan.
We agree with the State that so long as a legitimate traffic stop is not extended in duration beyond the time reasonably necessary to effect its purpose, a request for identification from the passengers, followed by a computer check (which discloses that there is a warrant outstanding for the arrest of one of the passengers) does not constitute an unreasonable search and seizure. Consequently, the trial court erred when it suppressed evidence obtained as a result of a search of the passenger incident to arrest. Accordingly, the judgment of the trial court isReversed, and this cause is Remanded for further proceedings.
 I
Jak Morgan was arrested on an outstanding warrant following a traffic stop in May, 2001. During a search incident to the arrest, crack cocaine was recovered from Morgan. Morgan was charged with one count of possession of crack cocaine.
Morgan filed a motion to suppress the evidence obtained during the search.
The following facts were related to the trial court by City of Dayton Officer Robert Orindorff during the suppression hearing. Orindorff was the only witness to testify at the hearing.
On the day of the arrest, Officer Orindorff and his partner Officer Daly were on routine patrol when they observed a vehicle fail to use a turn signal. The officers proceeded to effectuate a traffic stop. After the vehicle had stopped, Officer Orindorff approached the driver's side of the car while Officer Daly approached the passenger side. Information was obtained from the driver. At the same time, Morgan, who was a passenger in the front seat, supplied Officer Daly with his driver's license as requested. Both names were run through the KDT computer system. The information returned an active warrant for Morgan's arrest. Officer Daly returned to the car, removed Morgan, placed him under arrest, and then searched him.
The trial court found that the traffic stop of the vehicle was appropriate. However, the trial court, relying on this court's opinion inState v. Taylor (2000), 138 Ohio App.3d 139, found that the officers lacked any reason for requesting identification information from Morgan. Therefore, the trial court sustained Morgan's motion and suppressed all evidence obtained incident to the search.
From this order the State appeals.
 II
The State's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN SUPPRESSING EVIDENCE SEIZED INCIDENT TO A LAWFUL ARREST.
The State contends that the trial court erred in suppressing the evidence obtained during the search of Morgan, because it was seized incident to a lawful arrest.
The trial court assumes the role of the trier of fact in a hearing on a motion to suppress; it must determine the credibility of the witnesses and weigh the evidence presented at the hearing. State v. Curry (1994),95 Ohio App.3d 93, 96. A reviewing court must accept those findings of fact if they are supported by competent, credible evidence. Id. But the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard. Id.
Because Officer Orindorff observed violations of the traffic code with respect to the failure to use the turn signal, the officer possessed probable cause sufficient to permit him to stop the vehicle. Dayton v.Erickson (1996), 76 Ohio St.3d 3. Neither party disputes, and the trial court found, that the traffic stop was appropriate.
The dispute in this case is whether the officers acted properly in requesting information from Morgan. The trial court found that they did not. Its decision was predicated upon our holding in State v. Taylor,supra. In Taylor, the evidence discovered on the person of the passenger was properly suppressed because the scope and duration of the traffic stop was extended beyond the time necessary to effectuate the purpose of the stop. Id. In fact, the passenger was not even asked for identification until after the driver of the vehicle had been arrested.Id., at 144. This court held that in order to justify the extension of the detention beyond the initial traffic stop, the officers needed "objective and reasonably articulable facts suggesting criminal activity on the passenger's part". Id., at 146-147. The lack of these facts made the seizure of the passenger unconstitutional. Id., at 150.
In the case before us, the trial court based its decision upon the lack of facts suggesting criminal activity on Morgan's part, but appears not to have considered whether the detention of the car and its passengers was extended beyond the duration reasonably necessary to accomplish the legitimate purposes of the traffic stop.
As a passenger, unlike the driver of the vehicle, Morgan was not legally obligated to carry identification or to produce it for Officer Orindorff. However, he voluntarily chose to provide the information upon request. A request for identification, in and of itself, is not unconstitutional, and is ordinarily characterized as a consensual encounter, not a custodial search. State v. Osborne (Dec. 13, 1995), Montgomery App. No 15151, unreported. The routine questioning of Morgan constituted a minimal intrusion. "Since `detention, not questioning, is the evil' at issue, it has been held that, so long as the traffic stop is valid, `any questioning which occurs during the detention, even if unrelated to the scope of the detention, is valid so long as the questioning does not improperly extend the duration of the detention'."State v. Chagaris (1995), 107 Ohio App.3d 551, 556-557, citation omitted.
The officers did not violate Morgan's rights by requesting identification, and there is nothing in the record to suggest that they extended the duration of the detention beyond the time reasonably necessary for issuing a valid traffic citation. The search of Morgan's person that ultimately ensued was incident to a lawful arrest. Therefore, we find that the trial court erred in suppressing the evidence obtained during the search of Morgan.
Accordingly, the State's sole assignment of error is sustained.
 III
The State's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
WOLFF, P.J., and BROGAN, J., concur.