This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Andre Wilson, appeals from the decision of the Medina County Court of Common Pleas which found him guilty of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(d). This Court affirms.
 I.
{¶ 2} On March 21, 2001, Officer Steve Hoover of the Brunswick Police Department conducted a traffic stop of a vehicle owned and operated by Willie Likely. Appellant was a passenger in the vehicle. Officer Hoover stopped the vehicle because the license plate light was not working in violation of Brunswick City Ordinance 438.04(b).
{¶ 3} Upon approaching the vehicle, Officer Hoover made contact with both occupants of the vehicle, asked Mr. Likely for his driver's license and informed him of the reason for the stop. Officer Hoover then asked appellant for some form of identification. Appellant did not have a driver's license or identification card with him, so he verbally provided his name, date of birth, and social security number to Officer Hoover. A Law Enforcement Animated Data System (L.E.A.D.S.) check revealed an active arrest warrant for appellant. Officer Hoover and Officer Hayest, who had arrived on the scene as back up, placed appellant under arrest and put him in the back of Officer Hoover's patrol car. Officer Hoover then performed a search of the passenger compartment of Mr. Likely's vehicle. The search revealed marijuana seeds and stems located on the floorboard of the vehicle.
{¶ 4} The officers then spoke with Mr. Likely and appellant separately. The two gave conflicting stories as to where they had been and what they had been doing. Officer Hoover then asked Mr. Likely to open the trunk of the vehicle. Mr. Likely voluntarily opened the trunk. Officer Hoover observed two large garbage bags and a blue and white cooler. Officer Hoover asked Mr. Likely what was in the cooler. Mr. Likely replied that the cooler was not his and that he did not know what was in it. Mr. Likely then told Officer Hoover that he could search the cooler if he wanted. Officer Hoover removed the lid from the cooler and observed multiple bags of marijuana inside. Officer Hoover then informed appellant that he was also under arrest for possession of marijuana.
{¶ 5} Appellant was indicted on one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(d). Appellant filed a motion to suppress all evidence seized by Brunswick police and any statements he made to police. The state filed a motion in opposition to appellant's motion to suppress. The trial court denied appellant's motion to suppress. Appellant then changed his plea to no contest. The trial court found appellant guilty and sentenced him to one year imprisonment.
{¶ 6} Appellant timely appealed, setting forth two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR
{¶ 7} "THE TRIAL COURT ERRED WHEN IT HELD THAT THE POLICE HAD A REASONABLE AND ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY BEYOND THE REASON OF THE INITIAL TRAFFIC STOP THAT JUSTIFIED THE CONTINUED DETENTION OF DEFENDANT."
{¶ 8} Appellant is not challenging the initial stop of the vehicle in which he was a passenger. Instead, appellant argues that the officers did not have reasonable articulable suspicion of further criminal activity to justify his continued detention. This Court disagrees.
{¶ 9} During a traffic stop, if an officer encounters "additional specific and articulable facts" giving rise to a reasonable suspicion beyond that which prompted the stop, the officer may continue to detain the individual to investigate those new concerns. State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716. As part of a valid traffic stop, an officer may examine an operator's license and registration to determine that they are in order. See Delaware v. Prouse (1979), 440 U.S. 648,659, 59 L.Ed.2d 660, 671. The officer may also request that any passengers in the vehicle produce identification. State v. Chagaris
(1995), 107 Ohio App.3d 551, 556-557.
{¶ 10} In addition, "[w]hen a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." State v. Murrell (2002), 94 Ohio St.3d 489, syllabus.
{¶ 11} In the present case, Officer Hoover asked appellant for proof of identification. Appellant then verbally provided his name, date of birth, and social security number. A L.E.A.D.S. check revealed an active warrant for appellant's arrest. Officers Hoover and Hayest then placed appellant under arrest and put him in the back of Officer Hoover's patrol car. Officer Hoover then conducted a brief search of the passenger compartment of Mr. Likely's vehicle. Officer Hoover's search resulted in the discovery of marijuana seeds and stems on the floorboard of the passenger's side of the vehicle.
{¶ 12} This Court finds that, based upon the totality of the surrounding facts and circumstances presented to Officer Hoover at the time he determined to further detain appellant, he had a reasonable and articulable suspicion of criminal activity beyond the reason of the initial traffic stop that justified the continued detention of appellant.
{¶ 13} Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
{¶ 14} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE SEARCH OF THE TRUNK AND COOLER WHEN THE CONSENT TO SEARCH THE TRUNK WAS NOT VOLUNTARILY GIVEN AND THE CONSENT FOR THE COOLER WAS GIVEN BY A PERSON WHO CLAIMED NO OWNERSHIP INTEREST IN IT."
{¶ 15} In State v. Shindler (1994), 70 Ohio St.3d 54, the Supreme Court of Ohio set forth minimum standards which a defendant must comply with when filing a motion to suppress evidence. The Schindler Court held that a defendant's motion to suppress "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." Id. at syllabus. The Court reasoned that "[b]y requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." Id. at 58; see, also, Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218.
{¶ 16} Appellant's motion to suppress did not allege that the consent to search the trunk was not voluntarily given or that the evidence should be suppressed because the consent for the search of the cooler was given by a person who claimed no ownership of the cooler. Moreover, these issues were not raised at the suppression hearing. Therefore, appellant cannot assert them for the first time on appeal. See, State v. Bing (1999), 134 Ohio App.3d 444, 449. Appellant is precluded from raising these issues before this Court as they were waived.
{¶ 17} Appellant's second assignment of error is, therefore, overruled.
 III.
{¶ 18} Having overruled both of appellant's assignments of error, the judgment of the Medina County Court of Common Pleas is affirmed.
SLABY, P.J. and BAIRD, J., CONCUR.