[Cite as *In re J.B.*, 2017-Ohio-293.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104411

---

# IN RE: J.B.
# A Minor Child

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-15-113409

**BEFORE:** Jones, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 26, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Brandon A. Piteo
T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Plaintiff-appellant, the state of Ohio, appeals from the juvenile court's April 26, 2016 judgment, which dismissed the state's objections to a magistrate's ruling granting the alleged delinquent-appellee's, J.B., motion to suppress. The central issue in this appeal is whether the magistrate's ruling was an "order" or a "decision." For the reasons that follow, we find that it was a decision, sustain the state's second assignment of error, and remand the case for further proceedings.

**{¶2}** In September 2015, a complaint was filed against J.B., charging him with numerous crimes. J.B. was 16 years old at the time the alleged crimes were committed, and the state sought to have him transferred to adult court on a discretionary transfer. After a hearing, the trial court denied the state's request, and "ordered that this matter shall be referred to [the magistrate] to be scheduled for [an] adjudicatory hearing on February 17, 2016 * * *."

**{¶3}** On February 17, 2016, J.B.'s counsel filed a motion to suppress; the hearing on the motion was held before the magistrate in March 2016. In the magistrate's ruling, captioned as "magistrate's order" and dated April 4, 2016, the magistrate granted J.B.'s motion to suppress as to "any and all evidence obtained by law enforcement" on the day in question; the ruling was filed and journalized on April 7, 2016.

**{¶4}** The ruling initially addressed two "procedural matters," before setting forth a "statement of the operative facts," a "statement of the procedural facts," and an

"opinion." At the conclusion of the ruling, the magistrate ordered that the matter was continued for April 26 – April 28, 2016 trial dates. The magistrate also provided the following notice to the parties and counsel: "Pursuant to Juv.R. 40(D)(2)(b) and Civ.R. 53(D)(2)(b), the parties were informed of their right to file with the court a motion to set aside the magistrate's order not later than ten (10) days after the magistrate's order is filed."

{¶5} On April 21, 2016, the state filed "objections to the magistrate's decision to suppress evidence." On that same date, the state also filed in this court its "appeal as right pursuant to Juv.R. 22(F)." In addition to its notice of appeal, the state submitted a certification under Juv.R. 22(F) that the granting of the motion to suppress "has rendered proof available to the state so weak in its entirety that any reasonable possibility of proving the complaint's allegations has been destroyed."

{¶6} The trial court found the state's objections "not well taken." The court noted that the state failed to file a motion to set aside the magistrate's order and, additionally, found that the objections were untimely filed. The court further affirmed, approved and adopted the magistrate's "order" and dismissed the state's objections. The state now appeals, raising the following two assignments of error for our review:

I. The magistrate erred by granting defense counsel's motion to suppress.

II. The trial court committed reversible error by denying the state's objections to the magistrate's decision suppressing evidence based solely on failing to file a motion to set aside the magistrate's order and/or filing the objection untimely.

**{¶7}** As mentioned, the dispositive issue in this appeal is whether the magistrate's ruling was an order or a decision.   If it was an order, the state would have had the option to file a motion to vacate the order within ten days of the order being filed; on the other hand, if it was a decision, the state would have had the option to file objections to the decision within 14 days of the decision being filed.   The state filed its response, labeled as objections, within 14 days, but after ten days, of the ruling being filed.

**{¶8}** Juv.R. 40 governs magistrates in juvenile court proceedings, and provides that magistrates are "authorized, subject to the terms of the relevant reference, to regulate all proceedings as if by the court and to do everything necessary for the efficient performance of those responsibilities * * *."   Juv.R. 40(C)(2).   The juvenile court refers a "particular case or matter or a category of cases or matter to a magistrate by a specific or general order of reference or by rule,"[1] and "may limit a reference by specifying or limiting the powers * * *." Juv.R. 40(D)(1)(b).

*1. Orders*

**{¶9}** "Subject to the terms of the relevant reference, a magistrate may enter orders *without judicial approval* if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."   (Emphasis added.)   Juv.R. 40(D)(2)(a)(i).   The rule sets forth the following as examples of matters upon which a magistrate may issue orders for:

(A)   Pretrial proceedings under Civ.R. 16;

---

[1]Juv.R. 40(D)(1)(a).

(B)  Discovery proceedings under Civ.R. 26 to 37, Juv.R. 24, and Juv.R.25;

(C)  Appointment of an attorney or guardian ad litem pursuant to Juv.R. 4 and Juv.R.29(B)(4);

(D)  Taking a child into custody pursuant to Juv.R. 6;

(E)  Detention hearings pursuant to Juv.R. 7;

(F)  Temporary orders pursuant to Juv.R. 13;

(G)  Extension of temporary orders pursuant to Juv.R. 14;

(H)  Summons and warrants pursuant to Juv.R. 15;

(I)  Preliminary conferences pursuant to Juv.R. 21;

(J)  Continuances pursuant to Juv.R. 23;

(K)  Deposition orders pursuant to Juv.R. 27(B)(3);

(L)  Orders for social histories, physical and mental examinations pursuant to Juv.R. 32;

(M)  Proceedings upon application for the issuance of a temporary protection order as authorized by law; [and]
(N)  Other orders as necessary to regulate the proceedings.

Juv.R. 40(D)(2)(a)(iii).

{¶10} Juv.R. 40 further provides that "[a]ny party may file a motion with the court to set aside a magistrate's order [and] [t]he motion * * * shall be filed not later than ten days after the magistrate's order is filed."  Juv.R. 40(D)(2)(b).

{¶11} Thus, this court has held that "a magistrate's ability to issue orders is limited to regulatory, non-dispositive orders."  *In re: H.R.K.*, 8th Dist. Cuyahoga No. 97780, 2012-Ohio-4054, ¶ 8; *see also In re C.L.M.*, 8th Dist. Cuyahoga No. 99622,

2013-Ohio-4044, ¶ 19 (magistrates can issue *temporary* custody orders); *Mayfield v. Costanzo & Son Co.*, 8th Dist. Cuyahoga No. 96890, 2012-Ohio-271, ¶ 15 (noting that the magistrate "never issued any orders that were dispositive of the issues" and instead issued only scheduling orders); *J & B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. Mahoning No. 09 MA 173, 2011-Ohio-3165, ¶ 30 (magistrates may issue orders regulating discovery); *Campbell v. Pryor*, 5th Dist. Stark No. 2010CA00231, 2011-Ohio-1222, ¶ 40 (magistrate cannot issue order sentencing party to jail term, but instead may only make recommendation to the trial court as to the sentencing); *Beagle v. Beagle*, 10th Dist. Franklin No. 07AP-494, 2008-Ohio-764, ¶ 12 (magistrates may issue *temporary* support orders).

2. *Decisions*

{¶12} Juv.R. 40(D)(3) governs a magistrate's decision. The rule requires a magistrate to issue a decision when deciding "any matter referred under Juv.R. 40(D)(1)." Juv.R. 40(D)(3)(a)(i). Subsection (D)(1) references subsection (C)(1), which sets forth the scope of a magistrate's authority to do any of the following:

> (a)   Determine any motion in any case, except a case involving the determination of a child's status as a serious youthful offender;
>
> (b)   Conduct the trial of any case that will not be tried to a jury, except the adjudication of a case against an alleged serious youthful offender;
>
> (c)   Exercise any other authority specifically vested in magistrates by statute and consistent with this rule.

{¶13} After a magistrate issues his or her written decision, a party may file written objections to the decision within 14 days of the filing of the decision. Juv.R.

40(D)(3)(b)(i). If a party objects to a magistrate's factual finding, the trial court must conduct an "independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). The independent review requires the trial court to "conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case." (Citation omitted.) *Radford v. Radford*, 8th Dist. Cuyahoga Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 13 (construing the identical independent review requirement of Civ.R. 53(D)(4)(d)). Regardless of whether objections to the decision have been filed, however, unlike a magistrate's order, a magistrate's decision is not effective until adopted by the trial court. Juv.R. 40(D)(4)(a).

*3. Analysis*

{¶14} J.B. contends that the magistrate's ruling was on the admissibility of evidence, which under Juv.R. 40(C)(2) constitutes a "regulation of proceedings." We agree with J.B. that there are times when a magistrate may make a ruling on the admissibility of evidence and that ruling would be on a regulatory, nondispositive issue. But not all rulings on the admissibility of evidence are regulatory and nondispositive, and we note that it has been held that a ruling granting a suppression motion is dispositive because it can potentially destroy the state's case. *See State v. Chagaris*, 107 Ohio App.3d 551, 556, 669 N.E.2d 92 (9th Dist.1995). And the state has certified that the ruling has in fact destroyed its case against J.B.

**{¶15}** We are also not persuaded by the argument, made by J.B.'s counsel at oral argument, that because the court referred the case to the magistrate for "adjudicatory hearing," any rulings that the magistrate made leading up to the adjudicatory hearing must necessarily have been regulatory and nondispositive; that is, that the only matter for which the court referred the case for a "decision" on was the adjudication.

**{¶16}** At the time the court referred the case to the magistrate, J.B.'s counsel had not yet filed the motion to suppress. Thus, the order did not specifically mention the suppression issue. And Juv.R. 40 does not require that a court delineate what matter(s) it is referring to a magistrate for an order as opposed to a decision. *See* Juv.R. 40(D)(1). Rather, as mentioned, if the magistrate is tasked with ruling on a matter that is regulatory and non-dispositive, he or she issues an order; and if tasked with ruling on a dispositive matter, the magistrate issues a decision. And it is well-established that "final" decisions are not the only rulings by a magistrate that require a trial judge's review.

**{¶17}** In deciding whether the magistrate's ruling was an order or a decision, we also refer to the legal definitions of the terms. An order is "1. A command, direction, or instruction." *Black's Law Dictionary* 1270 (10th Ed.2014). A decision is a "judicial or agency determination after consideration of the facts and the law." *Id.* at 493.

**{¶18}** The magistrate's ruling, which was issued after an evidentiary hearing he presided over, set forth facts, law, applied the facts to the law, and then reached a

determination.   Thus, it was a decision.[2]   The fact that the ruling was labeled an "order" does not change the substance of it.   The labeling of it as such, along with the notice of the parties' right to file a motion vacate, created confusion and prejudiced the state.   *See In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 8 ("failure to properly label a magistrate's decision as a decision, combined with the magistrate's failure to provide the appropriate warning concerning objections, created confusion and prejudiced the parties.").   Further, although the trial court ultimately affirmed, approved, and adopted the magistrate's ruling, it did not "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law" as required under Juv.R. 40(D)(4)(d).

**{¶19}** We therefore sustain the state's second assignment of error.   Our disposition on the second assignment of error renders the first assignment of error premature and, thus, we do not consider it.

**{¶20}** The trial court's judgment dismissing the state's objections is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]Although Crim.R. 19 does not apply here, we note that it was not until the 2000 amendments to the rule that magistrates in adult criminal proceedings were even granted the authority to preside over motions to suppress.   *State v. Weierman*, 2d Dist. Montgomery No. 18853, 2001-Ohio-7007, *4.   But even with that authority, their ability to "enter orders without judicial approval is still significantly restricted * * *."   *Id.*   Additionally, the Ohio Supreme has admonished that a magistrate's "oversight of an issue or issues, or even an entire trial, is not a substitute for the judicial functions but only an aid to them."   *Hartt v. Munobe*, 67 Ohio St.3d 3, 6, 615 N.E.2d 617 (1993).

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR