[Cite as *State ex rel. Concerned Ohio River Residents v. Mertz*, 2022-Ohio-3211.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Concerned Ohio River              :
Residents et al.,
                                                :

        Relators,                               :

v.                                              :              No. 21AP-549
                                                :
Mary Mertz, Director, in her official                        (REGULAR CALENDAR)
Capacity, Ohio Department of Natural            :
Resources et al.,
                                                :

        Respondents.                            :

                                                :

D E C I S I O N

Rendered on September 13, 2022

*Earthjustice,* and *Megan M. Hunter,* and *James Yskamp,* for
relators Concerned Ohio River Residents, Buckeye
Environmental Network, FreshWater Accountability Project,
and Sierra Club.

*Dave Yost*, Attorney General, and *John McManus*,
*Katherine A. Walker*, and *Nicole L. Divittorio*, for respondent
Ohio Department of Natural Resources.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S ORDER

BEATTY BLUNT, J.

{¶ 1} Relators, Concerned Ohio River Residents, Buckeye Environmental Network,
FreshWater Accountability Project, and Sierra Club have filed a complaint for writ of
mandamus to compel respondents Ohio Department of Natural Resources and the Ohio
Department of Natural Resources Division of Oil and Gas Resource Management to cancel
three drilling permits allowing Powhatan Salt Company to drill new solution mining wells

in Monroe County, Ohio.  The case was referred to a magistrate in accordance with App.R. 34(B) and Loc.R.13(M) of the local rules of this court.

{¶ 2}   On November 29, 2021, in lieu of an answer to the mandamus complaint, respondents filed a motion to dismiss pursuant to Civ.R. 12(B), arguing that relators had failed to demonstrate that they had standing to file the complaint and also that relators had failed to state a claim under Civ.R. 12(B)(6).  Relators filed a timely brief in opposition to the motion, and respondents filed a timely reply.

{¶ 3}   The magistrate denied respondents' motion on May 10, 2022.  In an entry captioned "Magistrate's Order," the magistrate concluded that "relators, through their individual members, are beneficially interested parties who have identified a threat of direct and concrete injury resulting from the allegedly improvident grant of the well drilling permits," and therefore had standing to bring the action. (Mags. Order at 4.)  The magistrate further concluded that relators had no remedy in the ordinary course of law, that the complaint alleged an adequate risk of injury in fact from a regulatory failure and supported that allegation with expert opinions, and that the complaint was not premature.

{¶ 4}   Approximately 14 days later, respondents filed the "Respondents' Objections to the Magistrate's Decision" that have been presented to this court for decision. Respondents' objections again argued that relators lacked standing, that they "cannot conjoin two independent permitting processes in an attempt to strengthen their standing argument," and that they could "prove no set of facts that entitle them to relief in mandamus." (Objs. at 6-14.) Relators filed a memorandum in opposition to the objections, addressing respondents' arguments on their merits, but also asserting that under the rules governing magistrates, that "a Magistrate's Order is not subject to objections," and that the court "must deny Respondents' objections as an untimely and improper challenge to a Magistrate's order because Civ.R. 53(D) does not allow for objections to Magistrate's orders."  (Memo. in Opp. at 1-2.)

{¶ 5}   As noted above, pursuant to App.R. 34(B) ("[o]riginal actions in the court of appeals may be referred to a magistrate pursuant to Civ.R. 53"), Loc.R. 13(M), and this court's October 28, 2021 journal entry, this petition was referred to a magistrate for decision shortly after it was filed. The Appellate Rule, our Local Rule, and the entry all

specifically reference Civ.R. 53 and indicate that "Civ.R. 53 shall govern the proceedings and the decision of the magistrate." (Journal Entry at 1.)

{¶ 6} The plain text of Civ.R. 53(D) distinguishes between a "Magistrate's order" and a "Magistrate's decision." As to an "order," subsection (2)(b) of the rule provides:

> Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and *shall be filed* not later than ten days after the magistrate's order is filed. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order.

(Emphasis added.)  This "set-aside" procedure is different than the procedure for challenging a magistrate's decision, which is governed by subsection (D)(3)(b) of Civ.R. 53 and provides that a "party may file written *objections* to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." (Emphasis added.)

{¶ 7} As noted above, respondents did not file a motion to set aside within ten days of the order as contemplated by Civ.R. 53(D)(2)(b), but instead filed objections on May 24, 2022, the 14th day after the order was issued.  If in fact respondents were required to file a motion to set aside to challenge the order, they have failed to do so.  Therefore, the validity of the objections filed by respondents initially turns on whether the judgment being challenged is an "order" or a "decision" under Civ.R. 53.  Subsection (D)(2)(a) of the rule provides:

> (i)   Nature of order. Subject to the terms of the relevant reference, a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and *if not dispositive of a claim or defense of a party*.
>
> (ii)  Form, filing, and service of magistrate's order. A magistrate's order shall be in writing, *identified as a magistrate's order in the caption*, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys.

(Emphasis added.)  Civ.R. 53(D)(2)(a).  The parties have not cited any relevant caselaw from this court, or any controlling caselaw from the Supreme Court of Ohio. *But see In re*

*J.B.*, 8th Dist. No. 104411, 2017-Ohio-293, ¶ 17 (holding in state appeal of juvenile case that magistrate "order" granting a motion to suppress was actually a "decision" under Juv.R. 40, where the state certified pursuant to Juv.R. 22(F) that the ruling rendered its case so weak that "any reasonable possibility of proving the complaint's allegations has been destroyed"). But because the entry satisfies the formal requirements of subsection (D)(2)(a)(ii), the only question is whether the entry is "not dispositive of a claim or defense of a party" as required under subsection (D)(2)(a)(i) of the rule. In their motion for leave to file reply brief instanter, filed June 13, 2022 and granted by this court on June 14, 2022, respondents argue "the contents of the Entry practically function more as a Decision, rather than an Order." (Mot. at 3.) Respondents contend that the magistrate's order "made a dispositive determination in that it applied the facts to the relevant law on standing and mandamus actions and reached a decision that the relators met the standing requirement and stated a claim in mandamus." *Id.* at 3-4.

{¶ 8} We are not persuaded. The magistrate did not grant a motion to dismiss, he *denied* one based upon his conclusions that the complaint states a claim on its face for a writ of mandamus and that relators have standing to bring the complaint. But both of these conclusions address only the complaint itself, and do not eliminate any factual defenses by respondents. It remains completely possible that discovery in this case will reveal that relators in fact lack standing and in fact cannot prove their alleged claims, and the magistrate remains free to grant summary judgment to respondents on those issues should such judgment be justified.

{¶ 9} Civ.R. 53(D)(2)(a)(i)'s requirement that the order is "not dispositive of a claim or defense of a party" is akin to the rule regarding trial court orders that are not final. *See, e.g., Supportive Solutions, L.L.C. v. Elec. Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 9-10. Ohio courts have consistently held that "[g]enerally, an order denying a motion to dismiss is not a final order," *e.g., Polikoff v. Adam*, 67 Ohio St.3d 100, 103 (1993), in part because the denial of such a motion neither finally determines the result of the action nor finally resolves the validity of any claim or defense. Accordingly, such an order is provisional, not dispositive.

{¶ 10} Moreover, an order denying a motion to dismiss is not even an order that "denies a provisional remedy * * * that in effect determines the action with respect to the

provisional remedy," *compare* R.C. 2505.02(B)(4). In that situation the trial court retains the authority to revisit its decision on the claims and defenses when new information and evidence is presented. We believe the magistrate here is in an identical position.

{¶ 11} We note that, as a practical matter, requiring this court to rule on objections to require such as those filed in this case will slow down the court's processing of alternative writ actions. Writs are often required to be processed expeditiously. Blurring the clear line between magistrate orders and magistrate decisions would frustrate judicial economy by encouraging a practice akin to the filing of interlocutory appeals. And we observe that in advancing their objections, respondents have failed to provide a countervailing compelling reason to consider challenges to provisional magistrate rulings or a workable alternative to the plain language of the rule distinguishing between magistrate orders and magistrate decisions. Finally, adopting respondents' position would not be limited to magistrate practice in this court—the trial courts in Franklin County rely heavily on magistrates, and respondents' proposed interpretation of Civ.R. 53 would throw the magistrate procedures of those courts into doubt. Without a strong textual or legal justification, we see no basis for abandoning current practice.

{¶ 12} For these reasons, we conclude respondents have improperly and untimely filed objections to a magistrate's order, and have failed to file a timely motion to set aside that order as required under Civ.R. 53. We therefore dismiss respondents' objections and return this case to the docket of the magistrate for further proceedings.

*Objections dismissed;*
*action remanded to magistrate.*

SADLER and M<sup>c</sup>GRATH, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Concerned Ohio River Residents et al., | : | |
| | : | |
| Relators, | : | |
| | : | |
| v. | : | No. 21AP-549 |
| | : | |
| Mary Mertz, Director, in her official Capacity, Ohio Department of Natural Resources et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

MAGISTRATE'S ORDER

{¶ 13} Relators, Concerned Ohio River Residents ("CORR"), Buckeye Environmental Network ("BEN"), FreshWater Accountability Project ("FreshWater"), and Sierra Club seek a writ of mandamus compelling respondents to cancel three drilling permits allowing Powhatan Salt Company to drill new solution mining wells in Salem Township, Monroe County, Ohio. The respondents are Mary Mertz, in her official capacity as Director of the Ohio Department of Natural Resources ("ODNR"), and Eric Vendel, in his official capacity as Chief of ODNR's Division of Oil and Gas Resource Management.

{¶ 14} Relators allege that the proposed wells present a health hazard to local residents when operated for purposes of solution mining. Relators further assert that Powhatan's ultimate purpose for the wells is to create underground caverns to store natural gas extracted at nearby points, creating additional risk to nearby domestic-use water wells and surface facilities. As the case is now postured, respondents generally argue that the complaint fails to state a claim both because relators lack standing and the requirements for a writ are not otherwise met on the face of the complaint.

{¶ 15} The matter is therefore before the magistrate on respondents' motion to dismiss for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any documents attached thereto, and does not invoke reference to the record or other materials. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 16} A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7. For this court to dismiss a complaint seeking a writ, it must appear beyond doubt from the complaint that the relator can prove no set of facts entitling it to a writ of mandamus. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 17} Respondents first argue that relators' complaint on its face demonstrates that relators lack standing to seek a writ in this action. Respondents argue that relators have not demonstrated standing under the standard relied on by this court in *State ex rel. Walgate v. Kasich,* 10th Dist. No. 12AP-548, 2013-Ohio-946, *reversed in part*, 136 Ohio St.3d 1449, 2013-Ohio-3210:

> Under the doctrine of standing, a litigant must have a personal stake in the matter he or she wishes to litigate. [*Tiemann v. Univ. of Cincinnati*, 127 Ohio App.3d 312 (10th Dist.1998)] at 325. Standing requires a litigant to have " 'such a personal stake in the outcome of the controversy as to assure that concrete

adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult * * * questions.' " *Id.*, quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962). In order to have standing, a plaintiff must demonstrate some injury caused by the defendant that has a remedy in law or equity. *Id.* The injury is not required to be large or economic, but it must be palpable. *Id.* Furthermore, the injury cannot be merely speculative, and it must also be an injury to the plaintiff himself or to a class. *Id.* "An injury that is borne by the population in general, and which does not affect the plaintiff in particular, is not sufficient to confer standing." [*League of United Latin Am. Citizens v. Kasich*, 10th Dist. No. 10AP-639, 2012-Ohio-947] at ¶ 21, citing *Tiemann* at 325, citing *Allen v. Wright*, 468 U.S. 737, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). *See also State ex rel. Masterson v. Ohio State Racing Comm.*, 162 Ohio St. 366, 368, 123 N.E.2d 1 (1954) ("private citizens may not restrain official acts when they fail to allege and prove damage to themselves different in character from that sustained by the public generally"). (Citation omitted.)

Dismissal for lack of standing is a dismissal pursuant to Civ.R. 12(B)(6). *Brown v. Columbus City Schools Bd. of Edn.*, 10th Dist. No. 08AP-1067, 2009 Ohio 3230, ¶ 4.

*Id.* at ¶ 12-13.

{¶ 18} An association may demonstrate that it has standing on behalf of its individual members when "(1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted, nor the relief requested requires the participation of individual members in the lawsuit." *Walgate* at ¶ 15.

{¶ 19} Relators' complaint asserts that residents near the proposed wells will face threats to health and safety including exposure to releases of hazardous airborne materials, contamination of soil, ground, and surface water, property damage from sink holes and subsidence, stress, and disruption to daily life due to the possibility of periodic evacuations, and injury from explosions, and fires. (Compl. at ¶ 8.) The complaint defines relator CORR as a non-profit organization located in Bridgeport, Ohio, with approximately 1,500 members, including members who live or work near the proposed wells. The complaint describes FreshWater as a non-profit organization headquartered in Grand Rapids, Ohio,

with the mission of preserving and protecting Ohio's fresh water resources and counting among its members some who live and work in the vicinity of the proposed wells. The complaint describes BEN as a non-profit organization headquartered in Athens, Ohio, with the mission of protecting communities and Ohio's environment generally against environmental exploitation. The association has members throughout Ohio including some who work and seek recreation near the proposed wells; BEN does not claim any members who are residents in the vicinity of the proposed wells. The complaint finally describes relator Sierra Club as a national non-profit generally interested in a wide variety of environmental issues, and counting 15 members who live near the proposed wells.

{¶ 20} The magistrate finds that relators, through their individual members, are beneficially interested parties who have identified a threat of direct and concrete injury resulting from the allegedly improvident grant of the well drilling permits. Relators have standing to bring this action.

{¶ 21} Respondents further argue that relators cannot seek a writ of mandamus because they have a legal remedy through declaratory action and injunctive relief.

{¶ 22} If the allegations of a complaint in mandamus indicate that the real object sought is a declaratory judgment, the complaint does not state a viable claim in mandamus and must be dismissed for lack of jurisdiction. *State ex rel. JobsOhio v. Goodman,* 133 Ohio St.3d 297, 2012-Ohio-4425, ¶ 14. However, if a declaratory judgment would not be a complete remedy unless coupled with extraordinary ancillary relief such as a mandatory injunction, the availability of declaratory judgment does not preclude a writ of mandamus. *State ex rel. Ohio Gen. Assembly v. Brunner,* 114 Ohio St.3d 386, 2007-Ohio-3780, ¶ 25. Moreover, declaratory judgment is not available to review a discretionary administrative decision absent a need to review the validity of the underlying statutes or administrative rules. *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 29; *PNP, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-36, 2013-Ohio-4344, ¶ 7.

{¶ 23} Pursuant to R.C. 1509.06(F), "[t]he issuance of a permit [to drill] shall not be considered an order of the chief" and will not be reviewable before the Oil and Gas Commission under R.C. 1509.36; *see generally*, *Athens Cty. Fracking Action Network v. Simmers*, 10th Dist. No. 16AP-133, 2016-Ohio-5388. Relators, therefore, have no remedy

in the ordinary course of the law either through an appeal to the Oil and Gas Commission or through a declaratory judgment action to review the issuance of the permits, and may seek a writ in this action if the other requisites for mandamus are met.

{¶ 24} Respondents next argue that the potential harm asserted by relators is too speculative or diffuse to support remedy through mandamus.

{¶ 25} The complaint asserts in detail that respondents failed to carry out the permitting requirements of Ohio Adm.Code Chapter 1501:9-7 and the Federal Safe Drinking Water Act. Relators assert the failure to follow the statutory and regulatory permitting process and issuance of permits constitutes an abuse of discretion because the permit application review did not include actions mandated by law with respect to assessment of the physical characteristics of the proposed wells and the geological features in which they would operate, including the presence of underground drinking water. (Compl. at 200, 229, 232.) The complaint includes allegations based upon expert assessments by Drs. DiGiulio and Rossi, experts in subsurface water migration, well construction, and groundwater hydrology. (Compl. at 111-13.) These allegations based upon experts' opinions allege that respondents' non-compliance with statutory requirements and evaluation of pertinent industry standards "would pose a significant public health risk to individuals living in and near" the proposed wells. (Ex. A to Compl. at 6.) The complaint further alleges that respondents did not consider these industry safety standards prior to issuing the permits. (Compl. at 58.) This level of detail and evidence corresponds to that which this court has found sufficient to demonstrate adequate risk of injury in fact from a regulatory failure. *See generally, Citizens Against Megafarm Dairy Dev. Inc. v. Dailey,* 10th Dist. No. 06AP-836, 2007-Ohio-2649; *Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist. v. Republic Waste Servs. of Ohio II, LLC,* 10th Dist. No. 07AP-599, 2009-Ohio-2143, ¶ 49.

{¶ 26} Finally, respondents assert that, because the initial permits relate only to drilling rather than actual operation of solution mining or use of the resulting underground caverns for natural gas storage, any attempt to contest the permits is premature. Respondents argue that operation, rather than mere drilling of the wells, would create the risks complained of in the complaint, and operation of the wells is subject to a further permitting process including a right to appeal. Relators persuasively respond that deferral

of the dispute to the operating permit stage eliminates the opportunity to contest placement and construction parameters for the proposed wells. The magistrate finds no reason to distinguish between creation of the wells and subsequent operation in assessing the regulatory integrity of the process that allowed the wells to be drilled. Respondents do not allege the wells have any other purpose other than that described in the permit applications, so that the drilling permits are an essential step in creating of the solution mining operation.

{¶ 27} In summary, the magistrate finds that relators' complaint states a claim on its face for a writ of mandamus, that relators have standing to bring the complaint, and that respondents' motion to dismiss must be denied.


/S/ MAGISTRATE                                    
MARTIN L. DAVIS