OPINION
{¶ 1} Relator-appellant, Dawn C. Davis ("appellant"), filed this appeal from a judgment by the Franklin County Court of Common Pleas denying her request that a writ of mandamus be issued directing respondent-appellee, the Ohio School Employees *Page 2 
Retirement System ("SERS"), to pay appellant disability retirement benefits. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On July 2, 2003, appellant was an employee with Defiance City Schools when she injured her back in a fall at a Meijer's store. At the time, she held two part-time positions: 3 hours a day as an assistant cook at an elementary school, which primarily involved assistance with food preparation; and 1.25 hours a day as a cook's helper at a middle school, which involved scrubbing pots and pans and sweeping and mopping the floor. The assistant cook job entailed being able to lift 50 pounds, and the cook's helper job entailed being able to lift and twist, and involved bending and leaning over for periods of time.
 {¶ 3} Following her injury, appellant treated with her primary care physician, Harry A. Doyle, M.D., and with a neurosurgeon, Rudy Kachmann, M.D. In July 2003, Dr. Kachmann reviewed an MRI that had been performed after the injury, and determined that appellant had a small ruptured disc. Dr. Kachmann determined that the injury did not require surgery.
 {¶ 4} On October 7, 2003, appellant filed a disability retirement application with SERS. Attached to the retirement application was an attending physician's report prepared by Dr. Kachmann. On the report form, a check had been placed in the box next to the statement that "[t]he applicant is not physically and/or mentally incapacitated for a period of at least the next 12 months and is able to perform the duty for which they are responsible for as a school employee." (Emphasis sic; R. 750.) Next to that statement was a handwritten note stating, "Return to work estimated 12-17-03." Id. *Page 3 
 {¶ 5} Subsequently, after a request for follow-up information made by SERS, another attending physician's report was submitted, this one prepared by Dr. Doyle. On that report form, a check had been placed in the box next to the statement that "[t]he applicant is physically and/or mentally incapacitated for a period of at least the next 12 months and is unable to perform the duty for which they were formerly responsible as a school employee. With reasonable medical certainty, the applicant became disabled for the performance of their duties on: ." (Emphasis sic; R. 729.) Typed in the blank were the words "perm total disability." Id.
 {¶ 6} At the request of SERS, appellant was examined by Nancy M. Vaughan, M.D. In her conclusion, Dr. Vaughan stated that, "it is my medical opinion that [appellant] is physically capable of performing her duties as an assistant cook working four hours a day, helping to prepare meals and sweep the floor." (R. 719.) After having been provided updated job descriptions for appellant's jobs, which included as updated information regarding the requirement of being able to lift 50 pounds, Dr. Vaughan reiterated her opinion that appellant was physically capable of performing her assigned duties. (R. 707.)
 {¶ 7} Appellant's medical records were reviewed by Charles F. Wooley, M.D.; Barry Friedman, M.D.; and Timothy J. Fallon, M.D., who are members of SERS' medical advisory committee. Each of the members of the committee agreed with Dr. Vaughan's conclusion that appellant was physically capable of performing her job functions, and recommended denial of the application for disability retirement. The retirement board accepted the recommendation and denied the application. An appeal seeking *Page 4 
reconsideration of the retirement board's decision was denied by letter dated October 18, 2004. (R. 532.)
 {¶ 8} By letter dated March 16, 2005, appellant filed a second application for disability retirement. Attached to the application were a number of appellant's medical records, most of which were dated prior to or during the time appellant's first application was being considered. An attending physician's report prepared by Dr. Kachmann was also sent to SERS, in which Dr. Kachmann stated that appellant was unable to perform her job duties. The same members of SERS' medical advisory committee who had considered appellant's first application each stated that they had considered the records submitted by appellant, and concluded that the new records showed neither progression of appellant's previous condition nor any new condition, and consequently recommended denial of the second application. By letter dated June 27, 2005, SERS notified appellant that the retirement board had accepted the medical advisory committee's recommendation.
 {¶ 9} By letter dated September 22, 2005, appellant filed a third disability retirement application. Included with the application was a letter from Dr. Doyle, in which he concluded that appellant was not able to perform the lifting requirements for her job. Another attending physician's report was provided by Dr. Kachmann, in which he reiterated his opinion that appellant was unable to perform her job duties. Included in the submitted medical records was the report of a functional capacity evaluation performed by rehabilitation services at Grady Memorial Hospital. The results of the functional capacity evaluation stated that appellant made a full effort to cooperate in the evaluation, and that based on the evaluation, it was unlikely that appellant could sustain employment. *Page 5 
 {¶ 10} The same members of SERS' medical advisory committee reviewed the third application, and again concluded that the records provided showed neither a progression of appellant's previous condition nor any new condition that would warrant reconsideration. Dr. Friedman's letter did not reach any conclusion on the issue of disability, but stated that, "[B]ased on the additional information submitted and recognizing the limitations of functional capacity evaluations I believe it is in the best interest of the applicant to have [appellant] evaluated by a second physiatrist or physiatrist/spine specialist." (R. 67.)
 {¶ 11} On October 27, 2005, appellant submitted additional medical evidence in support of her appeal to the board for reconsideration. This evidence was again reviewed by Drs. Wooley, Friedman, and Fallon. Each then provided letters to the chairman of the medical advisory committee stating that all submitted medical evidence had been reviewed, and that all three were in agreement that the evidence showed neither progression of appellant's previous condition, nor any new condition, and, therefore, recommended denial of appellant's third application. By letter dated January 24, 2006, appellant was notified that the retirement board had accepted the medical advisory committee's recommendation and denied appellant's third application.
 {¶ 12} Appellant then filed this action in the Franklin County Court of Common Pleas seeking a writ of mandamus directing SERS to grant appellant disability retirement benefits. During proceedings before the trial court, the parties entered into a stipulation regarding the records that had been submitted. The stipulation provided that the records would constitute the evidentiary record before the court, and that the record could be amended by agreement of the parties or by order of the court. Appellant filed a motion for *Page 6 
leave to conduct limited discovery for the purpose of exploring possible financial motivation for the doctors on SERS' medical advisory committee to find against applicants for disability benefits. The trial court denied appellant's motion to conduct limited discovery. The trial court then issued a decision denying appellant's request for a writ of mandamus and entered judgment in favor of SERS.
 {¶ 13} Appellant then filed this appeal, and asserts two assignments of error:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF APPELLANT IN DENYING PLAINTIFF-APPELLANT'S PETITION IN MANDAMUS.
 SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF RELATOR-APPELLANT IN DENYING HER MOTION FOR LIMITED DISCOVERY.
 {¶ 14} In her first assignment of error, appellant argues that the trial court erred in denying her request for issuance of a writ of mandamus. In order to establish entitlement to a writ of mandamus, three requirements must be shown: (1) that the party seeking the writ has a clear legal right to the relief requested, (2) that the party against whom the writ is sought is under a clear legal duty to perform the act requested, and (3) that the party seeking the writ has no plain and adequate remedy in the ordinary course of the law. State ex rel. Bergerv. McMonagle (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.
 {¶ 15} Under R.C. 3309.39, a determination of whether a member of SERS is entitled to disability benefits is solely within the province of the retirement board. State ex rel. McMaster v. School Emp. RetirementSys., 69 Ohio St.3d 130, 1994-Ohio-96, 630 N.E.2d 701. A decision to deny disability retirement benefits is subject to review in mandamus.State ex rel. Smith v. School Emp. Retirement Sys., Franklin App. No. 06AP-987, *Page 7 2007-Ohio-3996. The standard of review applied to a decision denying disability retirement benefits is whether SERS abused its discretion, which requires a showing that the decision by SERS is unreasonable, arbitrary or unconscionable. State ex rel. Stiles v. School Emp.Retirement Sys., 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353.
 {¶ 16} For purposes of obtaining disability retirement benefits, "disability" is defined as a "disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application, which has occurred or increased since the applicant last became a member and which renders the member mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee." Ohio Adm. Code 3309-1-40(A)(1). When an application for disability benefits has been denied, subsequent applications are required to include medical evidence showing progression of the former injury or evidence of a new injury or illness. Ohio Adm. Code 3309-1-41(C).
 {¶ 17} Much of appellant's argument on appeal stems from the disagreement between the opinions of appellant's treating physicians and that of Dr. Vaughan, the doctor who performed a medical examination at SERS' request, upon whose opinion the medical advisory committee based its recommendation to deny appellant's first application for disability retirement benefits. Appellant argues that Dr. Vaughan's conclusion should carry little weight because the single examination she performed provided only a "snapshot" of appellant's condition at a single moment in time, and does not provide an accurate picture of the extent of appellant's ability to perform the requirements of her job. *Page 8 
 {¶ 18} Appellant concedes that SERS generally is not required to defer to the opinions of an applicant's treating physicians over other medical evidence offered or over the opinions of its own physicians.McMaster, supra. However, much of appellant's argument is taken up by offering examples in which various physicians treating appellant reached conclusions that disagreed with Dr. Vaughan's opinion, and by arguing that the results of the functional capacity evaluation show that Dr. Vaughan's conclusion that appellant could perform the functions required for her jobs was incorrect. The disagreement is perhaps best demonstrated by the fact that the medical opinions offered in support of appellant's second and third applications did not specifically conclude that progression of appellant's condition had occurred, which was a requirement for those applications to be considered under Ohio Adm. Code 309-1-41(C).
 {¶ 19} It is clear that the physicians offering their support of appellant's claim believed that, even without any progression of appellant's condition being established, appellant could not perform her job functions. While recognizing the significant difference in the volume of medical evidence offered supporting appellant's claim that she is disabled, versus Dr. Vaughan's report concluding that she is not, we simply cannot say that SERS abused its discretion by giving greater weight to Dr. Vaughan's opinion than to the opinions of appellant's treating physicians on appellant's initial application, because SERS has the discretion to choose between conflicting evidence. Nor can we say that SERS abused its discretion in concluding that the medical evidence offered in support of appellant's second and third applications did not show progression of appellant's condition. *Page 9 
 {¶ 20} Appellant also argues that SERS abused its discretion when it disregarded the opinion given by one of the members of the medical advisory committee, Dr. Friedman, in his review of appellant's third application. Dr. Friedman stated that, in his opinion, appellant should be examined by a second physiatrist or by a physiatrist/spine specialist. However, upon a review of additional medical evidence provided by appellant in support of her appeal to the retirement board, Dr. Friedman stated that, after discussion of the materials submitted, it was the committee's unanimous opinion that appellant had not shown progression of her condition, and was not disabled from the performance of her job duties. Although Dr. Friedman did not explain the reason for his apparent withdrawal of the recommendation that appellant be examined by a second physiatrist, we cannot say that SERS abused its discretion by failing to order a second examination.
 {¶ 21} Consequently, appellant's first assignment of error is overruled.
 {¶ 22} In her second assignment of error, appellant argues that the trial court erred when it denied her request to conduct limited discovery for the purpose of exploring possible bias in the members of the medical advisory committee. Appellant argues that, by conducting limited discovery, she may be able to discover evidence that could be used to supplement the record and show that SERS abused its discretion by denying her claim for disability retirement benefits. However, we recently rejected a similar claim, finding that the determination of whether SERS abused its discretion in denying disability retirement benefits is limited to consideration of evidence contained in the record. State ex rel. Marchiano v. School Emp. Retirement Sys., Franklin App. No. 07AP-486, 2008-Ohio-2798.
 {¶ 23} Consequently, appellant's second assignment of error is overruled. *Page 10 
 {¶ 24} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1